**IN THE COURT OF APPEALS OF IOWA**

No. 14-1288
Filed August 5, 2015

**IN THE INTEREST OF H.L.,**
**Minor Child,**

**S.L., Father,**
**Appellant.**
_____

Appeal from the Iowa District Court for Woodbury County, Julie Schumacher, District Associate Judge.

A father appeals the private termination of his parental rights to his child born in 2006. **AFFIRMED.**

Harold K. Widdison of Harold K. Widdison, P.C., Sioux City, for appellant father.

John S. Moeller of John S. Moeller, P.C., Sioux City, for appellee mother.

Jessica R. Noll of Deck Law L.L.P., Sioux City, attorney and guardian ad litem for minor child.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, J.**

A mother petitioned to terminate the father's parental rights to their child pursuant to Iowa Code chapter 600A (2013). She alleged he abandoned the child. Following a hearing, the district court granted the petition. On appeal, the father contends the record lacks clear and convincing evidence to support the court's finding of abandonment.

A parent "abandon[s] a minor child" when the "parent . . . rejects the duties imposed by the parent-child relationship . . . which may be evinced by the person, while being able to do so, making no provision or making only a marginal effort to . . . communicate with the child." Iowa Code § 600A.2(19). The district court terminated the father's parental rights pursuant to Iowa Code section 600A.8(3)(b), which states in pertinent part:

> [A] parent is deemed to have abandoned the child unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, as demonstrated by any of the following:
>     (1) Visiting the child at least monthly when physically and financially able to do so *and when not prevented from doing so by the person having lawful custody of the child.*
>     (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child *or when prevented from visiting the child by the person having lawful custody of the child.*

(Emphasis added.)

The father contends the child's mother prevented him from visiting and communicating with the child. The record belies this assertion.

The mother separated from the father shortly after the child's first birthday. Following the separation, the mother moved in with her parents, whose address was in the phone book. The father acknowledged knowing where the mother's parents lived but testified he went to their home only two or three times after the break-up. According to the mother, the father's contacts with the child between her first and second birthdays were "[s]hort and far between" and he had no contact with her after the second birthday.

The absence of contact was intentional on the father's part. He testified he refused to see the child because the mother slapped his daughter from another relationship shortly before the separation.

The father's only contact with the child from 2008 forward came in the form of a single letter informing the mother about his receipt of social security disability benefits and the child's eligibility for dependent benefits. With this exception, he did not correspond with or see the child. While he provided some support in the form of social security dependent benefits, the mother received a notice of overpayment concerning these benefits. Additionally, the father failed to pay child support when these benefits were unavailable.

In the years following the parents' separation, the mother twice moved to homes in the same city as her parents' home and the father's home. The father took no action to see his child.

At the time of the termination hearing, the child was seven years old. According to the mother, the father was a "complete stranger" to the child and she had no "emotional bond or connection with him."

On our de novo review of the record, we agree with the district court that the father abandoned the child. Accordingly, we affirm the termination of the father's parental rights to the child.

**AFFIRMED.**